[Civ. No. 8479.   First Appellate District, Division Two.—December 31, 1932.]

SALVATORE   GULINO,   Appellant,   v.   LEONARDO FINOCCHIARO,   Respondent.

Harry J. Neubarth and Aaron Rucker for Appellant.

Cooley, Crowley & Supple for Respondent.

STURTEVANT, J.—This is an action to recover damages for injuries sustained in an automobile collision.  The action was tried before the trial court sitting without a

jury. It made findings in favor of the defendant and from the judgment entered thereon the plaintiff has appealed.

On the nineteenth day of October, 1930, the plaintiff drove his truck to the grape market in San Francisco for the purpose of transacting the business of hauling and delivering grapes. The grape market is located at the eastern end of Vallejo Street and Broadway and several blocks north of Market Street. The expression "grape market" applies to the temporary arrangement for selling grapes on the freight-cars. On the east side of Front Street the space is gridironed with railroad tracks. Tracks 16–23, inclusive, extend across Vallejo Street to Broadway. Loaded cars are placed on the tracks completely occupying all track space except the streets. At the streets the trains are so separated that the ends of the cars abut the sides of the streets. The space thus left makes an alley of such width that two lines of automobiles can be operated in opposite directions. People pass on the sides of the traffic and gather about the loaded cars making their purchases. When the plaintiff arrived at the market he located a customer who wanted a delivery made in Oakland. The plaintiff left his customer standing between tracks numbered 17 and 18, near the grapes that had been purchased, and went to get his truck. He entered Vallejo Street and started to travel westerly along his right-hand side, that is, on the north side of Vallejo Street.

Testifying in his own behalf the plaintiff stated that he was walking a foot and a half or two feet distant from the ends of the cars. People were walking in that neighborhood examining the grapes. His hearing and sight were both good. He had proceeded to track 19 when he saw cars coming from the right and coming from the left. At that point he looked both right and left. He expected cars might come from the rear but that they would watch out for a man in front. He was walking alone. At track 19 he stopped for just a second. He saw trucks going up and down. The defendant did not blow a horn. There were no vehicles or automobiles in front of plaintiff at the time. He continued on his way to track 20. At that point he was hit in the back. At that instant he was a foot and a half from the car spotted on the track. When he was hit he started to fall but a man grabbed him and prevented

him from hitting his head on the car. That man was standing near track 21. When the plaintiff was hit he was knocked forward. The knocking tended to spin the plaintiff around. At track 20 the plaintiff could not see to his right on account of the freight-cars. Immediately before being hit the plaintiff was looking straight ahead. There were box-cars on tracks 20 and 21—on both sides. Between tracks 20 and 21 there was no traffic and plaintiff knew that any traffic would come from the rear.

The plaintiff also called Frank Bertillino. At the time of the accident he was walking east on Vallejo. He had stopped and was looking straight ahead. While standing in that position he saw an automobile pass him and hit a man in front. At that instant Gulino was coming toward the witness. When he saw the automobile hit Gulino he went to Gulino's assistance. At the time the automobile hit Gulino the driver was looking toward his left. Immediately after the accident the driver spoke to the witness in Italian and said, "No worry, I got insurance, I can fix it up with the insurance company, it was my fault." When the witness first saw the automobile the front end was six or seven feet from Gulino. The automobile was going twenty-five miles an hour. When the plaintiff was hit he fell to the side. The right front wheel ran over the plaintiff's left foot.

The defendant took the stand in his own behalf. He testified that he was traveling up Vallejo Street. That he was traveling very slowly in second gear. There were people all around the cars, right and left. The street was rough, it was made of cobblestones, and one had to drive over the rails. He was looking ahead. Just before the accident the witness was going up Vallejo Street. There were lots of people to his left, some to his right. He saw those on his left move out of the way; he saw some on the right that did not move. He traveled along slowly, noticing the people on his right who did not move and there were not so many on that side. On his left there were more cars and more people. He did not look more to the right because those people were standing still, but directed his attention to the left. When he was about to pass them they started to move. He heard someone say "Ayee", and he saw a person drop by the side of the machine. He

stopped to see what had happened. "Q. When you came up to pass the man was his back to you? A. Yes, slightly turned toward me—to me. Q. And if he had stood still did you have sufficient space to pass? A. Sure. Q. How many feet between the right side of your automobile and the man? A. About four feet. Q. Where was your machine when he began to move? A. I was passing right along there slowly. Q. Did you bring your machine to a stop as soon as you saw him moving? A. No, because as soon as he moved then immediately he dropped. Q. When he dropped was he facing your automobile? A. No, his back was to me." Afterwards the witness took the plaintiff to the hospital and still later took him to his home. On the way the plaintiff stated that it was not the fault of the witness nor the fault of the plaintiff. It was an accident. As the witness drove along the street he saw a number of people to his left. They were moving. He was looking at all of them. He was looking straight ahead and to his right and to his left. The people to his left were moving and he was looking all around. His car was moving straight ahead toward Front Street.

It was stipulated that the spot where the accident happened is not sign-posted in accordance with section 115 of the California Vehicle Act [as amended by Stats. 1927, p. 1438, sec. 32]. The plaintiff attacks the findings and makes the following points:

█ The plaintiff contends that the evidence is insufficient to establish any negligence on the part of plaintiff, Salvatore Gulino. We think he is mistaken. If the trial court believed the testimony given by the defendant, and from its ruling we must assume that it did, then it would appear that the plaintiff walked westerly on the right-hand side of Vallejo Street at a time when the street was occupied by traffic and when he reached the point where the accident happened he paused for a moment and then, without looking in either direction, he stepped out into the line of traffic, a distance of four feet, and immediately in front of the oncoming automobile driven by the defendant. There was therefore some evidence to sustain the finding against the plaintiff.

█ In his next point he contends that the defendant had the last clear chance to avoid the accident. That point

is not sustained by any of the evidence. If we take the plaintiff's own testimony it throws no light on the subject, as he claims he was continually walking toward the west with his back to the defendant. If we take the testimony of Frank Bertillino it is his contention that the accident occurred because the defendant was looking to his left and did not see the plaintiff in a position of danger, or at all. If we take the testimony given by the defendant it is to the effect that he saw the plaintiff in a position of safety and did not see him change that position until the plaintiff stepped directly in front of his machine. Under that theory the defendant was not shown to have discovered the position of the plaintiff within time to avoid the injury.

His last point is that his negligence, if any, was not the proximate cause of the accident. Whether it was or was not was a question of fact addressed to the determination of the trier of the facts, in this case the trial court. It found the fact against the plaintiff. We may not say the finding on that issue was not sustained by the evidence.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.